IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Andrew Rifkin, ) | |
| ) | Case No. 13 C 50056 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Board of Trustees of Northern ) | |
| Illinois University, et al., ) | |
| ) | Judge Philip G. Reinhard |
| Defendants. ) | |
| ) | |

# ORDER

For the reasons stated below, the court exercises its discretion to stay this case pursuant to its inherent power to control its docket in order to allow the state court to resolve issues that will facilitate the presentation and resolution of the claims and arguments in this case. Plaintiff's motion for a stay is granted. All pending motions to dismiss are stricken without prejudice. Plaintiff's and defendants' counsel are to file a joint written status report as to the state court proceedings on or before January 6, 2014.

# STATEMENT - OPINION

Plaintiff, Andrew Rifkin, moves to stay the proceedings in this matter until final disposition in the criminal case, People of the State of Illinois v. Rifkin, 13 CF 126, pending against him in the Circuit Court for the 23rd Judicial Circuit, DeKalb County, Illinois. Defendants, Donald Grady, Kartik Ramakrishnan, and Jason John each separately oppose plaintiff's motion to stay. The defendants argue the case should be dismissed for failure to state a claim, rather than stayed, and have filed separate motions to dismiss [66], [70], [71].

Plaintiff's claims against defendants are for Brady violations. Plaintiff was initially indicted December 23, 2011 for the crime of criminal sexual assault. The alleged sexual assault occurred on October 14, 2011. During the course of the state court proceedings, it was discovered certain witness statements of an exculpatory nature had been withheld by the police department. On October 16, 2012, plaintiff moved in the state criminal case against him for sanctions based on the withholding of these statements. On November 2, 2012 the state court found a Brady violation and stated "in my years on the bench I have never been faced with such a flagrant Brady violation and I have to look at this and think about what would be the appropriate sanction at this time because it is sanctionable." The state court also stated '[i]t is clear to me

1

that there was a purposeful hiding of information by this department." The DeKalb County State's Attorney at that time was Clay Campbell. On November 27, 2012, on Campbell's motion, the charges against plaintiff were dismissed.

Plaintiff filed this lawsuit on January 22, 2013. On February 22, 2013, Richard Schmack, the newly elected DeKalb County State's Attorney, obtained a new indictment against plaintiff for the same crime, the alleged sexual assault of October 14, 2011. Plaintiff's theory is that he would not have been indicted initially in December 2011, at the instance of State's Attorney Campbell, if the exculpatory statements had not been withheld wrongfully by the police and that he would not have been indicted a second time, in February 2013 at the instance of State's Attorney Schmack, if he had not been originally indicted back in December 2011. This is one claimed Brady violation.

The second claimed Brady violation is the alleged withholding of transcripts of text messages sent by the alleged victim of the sexual assault to plaintiff. The text messages were sent October 15, 17, 19, and 23, 2011. The alleged sexual assault occurred on October 14, 2011, and plaintiff maintains the text messages were of a friendly nature and inconsistent with plaintiff having sexually assaulted the alleged victim. Plaintiff asserts these transcripts were delivered by the alleged victim to defendant Johns on or about October 29, 2011, but were withheld by him and not disclosed to the State's Attorney or to plaintiff. Unlike the witness statements discussed above, these transcripts have never been disclosed and plaintiff alleges they have been destroyed.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997), citing Landis v. North American Co., 299 U.S. 248, 254 (1936). When plaintiff filed this action, he had recently had the charges against him dismissed by the prosecutor after the state court had found "a flagrant Brady violation." This circumstance soon changed and he is again facing prosecution on these charges. Defendants want the court to find that since plaintiff now has the withheld witness statements, he necessarily does not have a claim against them because those statements are now available for his use in defense of the re-instituted criminal proceeding. They argue this entitles them to dismissal of this action against them so a stay would be a waste of time. Johns also contends that dismissing the claims against him is the result "most consistent with the principles of the [Younger v. Harris, 401 U.S. 37 (1971)] abstention doctrine because it minimizes the intrusion into the ongoing state court proceeding." He sees this as an additional reason to deny plaintiff's stay request.[1]

---

[1] Younger abstention does not require dismissal. A stay of its proceedings is often the proper course for a federal court to take. "A stay allows the state case to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." Simpson v. Rowan, 73 F.3d 134, 139 (7th Cir. 1995) (internal quotation marks and citation omitted). As discussed below, the court is not entering a stay based on Younger abstention principles (interference with the state court proceeding) but is exercising its discretion to control its own docket.

"Our circuit has not directly resolved whether a plaintiff can assert a claim for a Brady violation when the trial resulted in an acquittal." Mosley v. City of Chicago, 614 F.3d 391, 397 (7th Cir. 2010). If such a claim exists, to state a claim for such a Brady violation where the criminal trial ended in acquittal, the plaintiff would have to show "that if all parties had known of some piece of exculpatory evidence, the prosecution would not have moved forward with charges, the grand jury would not have indicted [plaintiff], or the trial court would have granted a motion to dismiss the indictment." Id. Here, the criminal case is still pending. It has not ended in an acquittal or a conviction. The trial court may grant a motion to dismiss the indictment or the prosecutor may decide not to move forward with the charges. The trial court may decide to impose a sanction for the withholding of the witness statements originally. It had indicated this behavior was sanctionable before State's Attorney Campbell dismissed the charges. It may decide the withholding of the text message transcripts or their destruction was a Brady violation and impose some sanction for that. It may decide the text message transcripts never existed. Plaintiff may be convicted. He may be acquitted.

In light of the uncertainty of what may happen in the state court, the uncertainty of whether a non-convicted plaintiff has a Brady claim at all in this court (especially as to the first alleged Brady violation), and the court having read the briefs on the motions to dismiss, the most prudent course is to grant plaintiff's motion to stay this case pending the conclusion of the state criminal case. The resolution of the state case will put this case in a posture where the parties and the court can proceed with some degree of clarity. We will know whether an acquittal, conviction, or dismissal occurred and the parties can present their claims and arguments and the court can apply the law to a known set of facts.

For the foregoing reasons, the court exercises its discretion to stay this case pursuant to its inherent power to control its docket in order to allow the state court to resolve issues that will facilitate the presentation and resolution of the claims and arguments in this case. Plaintiff's motion for a stay is granted. All pending motions to dismiss are stricken without prejudice. Plaintiff's and defendants' counsel are to file a joint written status report as to the state court proceedings on or before January 6, 2014.

Date: 11/14/2013                                              ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)