IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Andrew Rifkin, ) | |
| ) | |
| Plaintiff, ) | Case No. 13 C 50056 |
| ) | |
| vs. ) | |
| ) | |
| Board of Trustees of Northern Illinois ) | |
| University, et al., ) | |
| ) | Judge Philip G. Reinhard |
| Defendants. ) | |

## ORDER

For the reasons stated below, the motions to dismiss of defendants Kartik Ramakrishnan [66], Donald Grady [71] and Jason John [70] are granted. Counts I, II and IV are dismissed with prejudice. Count III is dismissed without prejudice. This case is terminated.

## STATEMENT-OPINION

Plaintiff, Andrew Rifkin, brings this action, via his first amended complaint, under 42 U.S.C. § 1983 against defendants, Kartik Ramakrishnan and Donald Grady (Counts I and II), and Jason John (Counts III and IV), alleging constitutional due process violations. Defendants each separately move to dismiss for failure to state a claim. Fed R. Civ. P. 12(b)(6). Plaintiff does not contest the motions as to Counts II and IV and those counts are dismissed.

Plaintiff's claims against defendants are for <u>Brady</u> violations. Plaintiff was initially indicted December 23, 2011 for the crime of criminal sexual assault. The alleged sexual assault occurred on October 14, 2011. During the course of the state court proceedings, it was discovered certain witness statements of an exculpatory nature had been withheld by the police department. On October 16, 2012, plaintiff moved in the state criminal case against him for sanctions based on the withholding of these statements. The DeKalb County State's Attorney at that time was Clay Campbell. On November 27, 2012, on Campbell's motion, the charges against plaintiff were dismissed.

Plaintiff filed his original complaint in this lawsuit on January 22, 2013. On February 22, 2013, Richard Schmack, the newly elected DeKalb County State's Attorney, obtained a new indictment against plaintiff for the same crime, the alleged sexual assault of October 14, 2011. Plaintiff claims in Counts I that the withholding of the exculpatory witness statements was a

1

Brady violation. Plaintiff's theory is that he would not have been indicted initially in December 2011, at the instance of State's Attorney Campbell, if the exculpatory statements had not been withheld wrongfully by the police and that he would not have been indicted a second time, in February 2013 at the instance of State's Attorney Schmack, if he had not been originally indicted back in December 2011. This is one claimed Brady violation.

The second claimed Brady violation (set forth in Count III against John) is for the alleged withholding of transcripts of text messages sent by the alleged victim of the sexual assault to plaintiff. The text messages were sent October 15, 17, 19, and 23, 2011. The alleged sexual assault occurred on October 14, 2011, and plaintiff maintains the text messages were of a friendly nature and inconsistent with plaintiff having sexually assaulted the alleged victim. Plaintiff asserts these transcripts were delivered by the alleged victim to defendant John on or about October 29, 2011, but were withheld by him and not disclosed to the State's Attorney or to plaintiff. Unlike the witness statements discussed above, these transcripts have never been disclosed and plaintiff alleges they have been destroyed.

"A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Mosley v. City of Chicago, 614 F.3d 391, 397 (7th Cir. 2010). "A defendant may demonstrate that a Brady violation has occurred by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Id. (internal quotation marks and citation omitted). When a "potentially exculpatory fact [is] disclosed in time to be used at trial, Brady has been satisfied." United States v. Dixon, No. 14-3225, 2015 WL 3875258, * 1 (7th Cir. June 23, 2015).

As to the exculpatory witness statements, these statements have been disclosed and plaintiff has them for use in his upcoming criminal trial. Their availability to plaintiff for use in his criminal defense obviates any claim that the lack of access to these statements would have any impact on the criminal case verdict. Plaintiff can use these statements in his defense. It is clear that the prior failure to disclose these statements has been cured as to any potential impact on the verdict. Id.

Plaintiff contends he still has a claim based on the Brady violation concerning these statements because he would not have been indicted initially in December 2011, if the exculpatory statements had not been withheld wrongfully by the police and that he would not have been indicted a second time, in February 2013, if he had not originally been indicted back in December 2011. He contends a Brady claim can be maintained even when he has not been convicted in a case where the exculpatory evidence was withheld if he can show, as stated in Mosley, "that if all parties had known of some piece of exculpatory evidence, the prosecution would not have moved forward with charges, the grand jury would not have indicted [plaintiff], or the trial court would have granted a motion to dismiss the indictment." Mosley, 614 F.3d at 397.

However, a key difference between this case and Mosley is that Mosley involved an acquittal at trial. The Court of Appeals in Mosley expressly stated it was reserving the question whether a Brady violation claim can be recognized where exculpatory evidence is withheld and, therefore, not available at trial but the trial results in an acquittal anyway. Id., at 397-98. No acquittal has occurred here. No trial has occurred here. The witness statements are available for trial and plaintiff can make use of them in his defense. The Court of Appeals has not decided whether it is going to extend Brady to allow a claim where an acquittal occurred despite potentially exculpatory evidence being withheld and unavailable at trial. This court is not going to extend Brady even further by allowing a claim where the potentially exculpatory evidence is available well in advance of a trial that is yet to occur. Mosley does not compel a different result. Grady and Ramakrishnan are entitled to dismissal of Count I.

Count III is against defendant John alleging failure to turn over transcripts of text messages sent by the alleged victim to plaintiff. Plaintiff alleges John received these transcripts from the alleged victim on or about October 29, 2011 but withheld them from the state's attorney and from plaintiff. These transcripts have never been produced and plaintiff alleges John withheld them, hid them or destroyed them so that neither the state's attorney or plaintiff would be able to find them. Since these transcripts are alleged to be of text messages sent by the alleged victim to plaintiff, plaintiff is aware of the content of these messages. He does not explain, nor does he have to at this stage, why he cannot make transcripts of these messages himself.

John argues Gauger v. Hendle, 349 F.3d 354 (7th Cir. 2003), overruled on other grounds by Wallace v. City of Chicago, 440 F.3d 421 (7th Cir. 2006), compels dismissal. In Gauger, the plaintiff's Brady claim failed because he claimed Brady required the detectives who interrogated him to give truthful versions of Gauger's statements at the interrogation to the prosecutor to be forwarded to his counsel in the criminal case. Id. at 360. The Gauger court stated no duty to disclose existed "because Gauger knew what he said in the interrogation." Id. "The problem was not that evidence useful to him was being concealed; the problem was that the detectives were giving false evidence." Id. This is not the case here. What's important to plaintiff in the transcripts is the evidence they will provide as to what the alleged victim said to him. A transcript of the alleged victim's own words is certainly stronger evidence than plaintiff's testimony as to what she said. Withholding this evidence, even though plaintiff can testify as to what he remembers the text messages saying, is a plausible Brady violation.

This returns the court to the question expressly reserved in Mosley whether a Brady violation claim can be recognized where exculpatory evidence is withheld and, therefore, not available at trial but the trial results in an acquittal anyway. Mosley, at 397-98. Again, we do not have an acquittal or a conviction in state court at this point. While the issue of the transcripts differs from that of the witness statements discussed above (in that the witness statements have been disclosed and are available for trial and the transcripts have not been disclosed and are unavailable), the result is the same. The court is not going to extend a Brady claim to a

circumstance where the defendant has not yet been tried with the potentially exculpatory evidence unavailable for his defense. [1]

For the foregoing reasons, the motions to dismiss of defendants Kartik Ramakrishnan [66], Donald Grady [71] and Jason John [70] are granted. Counts I, II and IV are dismissed with prejudice. Count III is dismissed without prejudice. This case is terminated.

Date: 7/21/2015                     ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices. (LC)

---

[1] John also argues the claims against him should be dismissed because that result is "most consistent with the principles of the [Younger v. Harris, 401 U.S. 37 (1971)] abstention doctrine because it minimizes the intrusion into the ongoing state court proceeding." However, the court's decision to dismiss the claims against John on other grounds obviates the need to reach the abstention argument.

4